NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
FEB 27 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-448-JMH

DANNY R. CLEM                                                                  PETITIONER

**MEMORANDUM OPINION AND ORDER**

WARDEN JOE W. BOOKER, ET AL.                                        RESPONDENTS

Petitioner Danny R. Clem [hereinafter Appellant] has submitted a Notice of Appeal [Record No. 7] in the instant *pro se* habeas corpus proceeding filed under 28 U.S.C. §2241. He has not, however, paid the appellate filing fee of **$255.00**, in accordance with Fed.R.App.P. 3(e).

On January 25, 2006, the Court *sua sponte* entered a Memorandum Opinion and Order ("the Opinion and Order") in which it determined that the petitioner had failed to state a claim for relief under §2241 [Record No. 3]. The Court dismissed this action with prejudice, without requiring a response, and entered a separate Judgment [Record No. 4].[1] The Court will not reiterate its findings and conclusions in reaching the decision to dismiss this proceeding with prejudice, as they are fully set forth in the Opinion and Order. At the conclusion of the Judgment, the Court certified that "any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)." [*Id.*, ¶ 5].

DISCUSSION
1. Proceeding *In Forma Pauperis* on Appeal under §2241

---

[1] By subsequent Order of February 13, 2006 [Record No. 6], the Court denied the plaintiff's "Motion to Alter or Amend" the Opinion and Order.

The Sixth Circuit has concluded that since §1915 was amended by the Prison Litigation Reform Act of 1996 (PLRA), the amended filing fee payment provisions do not apply to §2254 habeas cases and §2255 motions. The Sixth Circuit has not, however, resolved in a published opinion whether the amended requirements apply to §2241 habeas cases filed in the district or appellate courts. *See Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997); *see also Graham v. United States Parole Comm'n*, 1997 WL 778515 (6th Cir. Dec. 8, 1997) (unpublished opinion adopting *Kincade* approach in a §2241 decision from the United States District Court for the Western District of Tennessee). Consistent with these opinions, this Court concludes that the PLRA's changes in §1915(b)(1) regarding filing fee payments do not apply to §2241 petitions.

Consistent with another ruling in the same Tennessee district court, this Court concludes that regardless of whether the petition is brought under §2254, §2255, or §2241, the petitioner must usually still seek leave to proceed *in forma pauperis* on appeal from the district court under other unchanged portions of 28 U.S.C. §1915 and under Federal Rule of Appellate Procedure 24. *See Frazier v. Hesson*, 40 F. Supp. 2d 957, 967 (W.D. Tenn. 1999). Accordingly, when an appellant does not pay the appellate filing fee upon the filing of his notice of appeal, the district court usually requires the appellant to file a motion to proceed on appeal *in forma pauperis* with supporting sworn information as to the claim of indigency.

*However*, 28 U.S.C. §1915(a)(3) specifically provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* This provision of §1915 was not changed by the PLRA. As noted, the Court certified September 2, 2005, in the Judgment, that any appeal herein would not be taken in good faith [Record No. 4]. As the Court has certified that the appellant's appeal would not be taken in good faith under §1915(a)(3),

2

he may not therefore proceed on appeal *in forma pauperis*. Fed.R.App.P. 24(a)(4)(B).

It would be inconsistent for a district court to determine that a petition is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis*. *See Frazier*, 40 F. Supp. 2d at 967 (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2nd Cir. 1983)); *Agrell v. Davis*, 89 Fed.Appx. 948 (6th Cir. 2004) (Unpublished) (citing Fed. R. App. P. 24(a)); and *Meadows v. Woods*, 1994 WL 267957, *3 (W.D. Tenn. June 10, 1994) (citing *Frazier*, 40 F. Supp. 2d at 967).

Moreover, the Court's conclusion that the instant §2241 petitioner may not proceed *in forma pauperis* on appeal because of the certification, despite any showing of indigency, is consistent with similar rulings in other federal courts. *See Nysus v. Ashcroft*, 115 Fed.Appx. 672, 674 (5th Cir. 2004) (unpublished) (denying motion because the appeal was frivolous and citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 982)); *Merritt v. Pugh*, 215 F.3d 1337 at **1 (10th Cir. 2000) (unpublished) (denying motion for the Appellant's failure to made a nonfrivolous argument on appeal and referring to the Tenth Circuit's opinion in *Murphy v. Brooks*, 1997 WL 796485 (10th Cir. 1997) (unpublished)); *Tisdale v. Menifee*, 166 F.Supp.2d 789792 (S.D. N.Y. 2001) (denying motion; certifying that the appeal would be frivolous and would not be taken in good faith; and citing to *Coppedge v. United States*, 369 U.S. 438 (1962)).

## 2. *In Forma Pauperis* Request in Sixth Circuit

Under the Federal Rules of Appellate Procedure, an appellant who receives a certification that his appeal is not taken in good faith or is otherwise denied permission to proceed on appeal *in forma pauperis* by the district court may file a motion to proceed on appeal *in forma pauperis* with the court of appeals. If the appellant wishes to proceed *in forma pauperis* on appeal, he must seek permission from the Sixth Circuit as provided in Fed.R.App.P. 24(a)(5). This must be done within

3

thirty (30) days and with supporting documentation, all as provided in Fed.R.App.P. 24(a)(5).

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The appellant is not permitted to apply to proceed on appeal *in forma pauperis*, as the Court has certified, under Fed.R.App.P. 24(a)(4)(B), that the instant appeal is not taken in good faith. 28 U.S.C. §1915(a)(3).

(2) The appellant is granted thirty (30) days from the date of entry of this Order in which either to pay the **$255.00** filing fee to this Court or to apply to the Sixth Circuit Court of Appeals to proceed *in forma pauperis*. Fed.R.App.P. 24(a)(5).

(3) The appellant is on notice that if he fails to take either step in the time prescribed, the United States Court of Appeals for the Sixth Circuit will dismiss the appeal for failure to prosecute under Fed.R.App.P. 3(a). *McGore v. Wrigglesworth*, 114 F.3d 601, 609-10 (6th Cir. 1997).

(4) The Clerk is directed to transmit a copy of this Order upon the Clerk of the United States Court of Appeals for the Sixth Circuit.

This the 21st day of February, 2006.

*Joseph M. Hood*
JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service:

4